# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Cr. No. **16-188 (RJL)** |
| v. | ) |
| | ) |
| JAMES E. CARTWRIGHT, | ) |
| | ) |
| Defendant. | ) |

**FILED**

OCT 17 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## STATEMENT OF OFFENSE

Should this matter proceed to trial, the United States of America would prove the following facts beyond a reasonable doubt:

### Introduction

1. Defendant James E. Cartwright is a retired United States Marine Corps four-star general. Defendant James E. Cartwright served as the Vice Chairman of the Joint Chiefs of Staff from August 31, 2007 to August 3, 2011 and, prior to that, as Commander of the U.S. Strategic Command ("STRATCOM") from 2004 to 2007.

2. The Vice Chairman of the Joint Chiefs of Staff is the second highest ranking member of the Armed Forces of the United States.

3. During his tenure as Vice Chairman of the Joint Chiefs of Staff, and prior to it, Cartwright held a "TOP SECRET" security clearance with access to "SENSITIVE COMPARTMENTED INFORMATION" (SCI).

4. Classified information is defined by Executive Order 13526 and its predecessor orders, as information in any form that: (1) is owned by, produced by or for, or under control of the United States government; (2) falls within one or more of the categories set forth in the

Order; and (3) is classified by an original classification authority who determines that its unauthorized disclosure reasonably could be expected to result in damage to the national security. Where such damage could reasonably result in "exceptionally grave" damage to the national security, the information may be classified as "TOP SECRET." Access to classified information at any level may be further restricted though compartmentalization "SENSITIVE COMPARTMENTED INFORMATION" (SCI) categories, which further restricts the dissemination and handling of the information.

5.  Those persons with security clearances granting them access to classified information are prohibited by Title 18, United States Code, Section 793, and applicable rules, regulations, and orders, from disclosing classified information to persons not authorized to receive such information.  Classified information may only be shared with persons determined by an appropriate United States government official to be eligible for access to classified information, who had signed an approved non-disclosure agreement, and who possessed a "need to know."

6.  As Commander of STRATCOM and Vice Chairman of the Joint Chiefs of Staff, Cartwright had signed more than 36 non-disclosure agreements related to Department of Defense Special Access Programs that contained similar warnings as the one contained in the SAPI agreement described below.  Cartwright also received annual training on the proper handling and the safeguarding of classified information as Vice Chairman.

7.  On September 1, 2011, Cartwright retired from the United States Marine Corps.

8.  Also on September 1, 2011, Cartwright executed a Debriefing Acknowledgment on a Special Access Program Indoctrination (SAPI) Agreement.  SAPI Agreements are legally

binding agreements between an individual being granted, or already in possession, of a security clearance, and the United States Government where in the individual agrees to never disclose classified information without first receiving appropriate authorization. Among other things, the SAPI Agreement states:

> 3. I understand that it is my responsibility to consult with appropriate management authorities in the department or agency that last authorized my access to SAPI, whether or not I am still employed or associated with that Department of Agency. . . **I further understand that I am obligated by law and regulation not to disclose any classified information or material in an unauthorized fashion**.
>
>                         \* \* \*
>
> 6. I have been advised that **any breach of this agreement may constitute violations of United States criminal laws,** including the provisions of Sections 793, 794, 798, and 592, Title 18 United States Code, and of Section 783, Title 50, United States Code. Nothing in this agreement constitutes a waiver by the United States of **the right to prosecute me for any statutory violation**.

(emphasis added)

9. When Cartwright retired from the United States Marine Corps he maintained a TOP SECRET security clearance. This TOP SECRET security clearance enabled CARTWRIGHT to engage in consulting and private employment for financial gain, including sitting on the Special Activities Committee of the Board of Directors of Raytheon Company. This Committee oversaw the company's classified U.S. government contracts.

10. Between January and June 2012, Cartwright provided and confirmed classified information, including TOP SECRET//SCI information, to David Sanger. David Sanger was a reporter for a national newspaper. David Sanger was not authorized to receive the classified information that Cartwright provided to him and confirmed to him. David

Sanger included the classified information Cartwright communicated to him in an article

that was published in the national newspaper for which he worked and in a book he

authored.

11. On March 2, 2012, Cartwright signed another "Classified Information Non-Disclosure

Agreement." That Agreement included the following warnings, among others:

> 1. Intending to be legally bound, I hereby accept the obligations
> contained in this Agreement in consideration of my being
> granted access to classified information . . . . I understand and
> accept that by being granted access to classified information,
> **special confidence and trust shall be placed in me by the
> United States government**.

> 3. **I have been advised that unauthorized disclosure . . . by me
> could cause damage or irreparable injury to the United
> States or could be used to advantage by a foreign nation.**

> 4. . . . . I have been advised that any unauthorized disclosure of
> classified information by me may constitute a violation or
> violations of United States **criminal laws** including, provisions
> of Sections 641, 793 . . .

(emphasis added)

12. In February 2012, Cartwright confirmed classified information, including TOP

SECRET//SCI information, to another reporter, Daniel Klaidman. Daniel Klaidman was a

reporter for a national news organization. Daniel Klaidman was not authorized to receive

the classified information that Cartwright confirmed. Daniel Klaidman included the

classified information Cartwright confirmed to him in an article that was published in the

news magazine for which he worked.

13. On November 2, 2012, Cartwright agreed to a voluntary interview with agents of the

Federal Bureau of Investigation (FBI). In that interview, Cartwright intentionally provided

false information to the interviewing agents, including, among others, the following false statements:

    a.   After investigators showed Cartwright a list of quotes and statements from David Sanger's book, a number of which contained classified information, Cartwright falsely told investigators that he was not the source of any of the quotes and statements. Cartwright also falsely told investigators that he did not provide or confirm classified information to David Sanger.

    b.   Cartwright falsely told investigators that he never discussed Country 1 with Daniel Klaidman when in truth Cartwright had confirmed certain classified information relating to Country 1 in an email he sent to Daniel Klaidman.

14. The false statements Cartwright made to the FBI were material and were made knowingly and willfully.

This Statement of Offense is not intended to be a complete recitation of all the facts known to the

United States or Cartwright, but is, instead, intended to provide a sufficient factual basis for the

defendant's plea to guilty to Count One of the Information, charging false statements, in

violation of 18 U.S.C. § 1001.


Respectfully submitted,

ROD J. ROSENSTEIN
United States Attorney for the District of Maryland
Special Attorney to the Attorney General


By: _____
Leo J. Wise
Assistant United States Attorney
Special Attorney to the Attorney General

Elizabeth Cannon
Trial Attorney
National Security Division

## DEFENDANT'S ACCEPTANCE

I have read every word of this Statement of Offense. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and after consulting with my attorneys, I agree and stipulate to this Statement of Offense, and declare under penalty of perjury that it is true and correct.


Date: 17 Oct 16

James E. Cartwright
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have discussed this Statement of Offense with my client, James E. Cartwright, and concur with his decision to stipulate to this Statement of Offense.


Date: October 17, 2016

Gregory B. Craig
Clifford Sloan
Attorneys for Defendant

Page **16** of 16