## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **No. 16 Cr. 188** |
| **v.** | ) | |
| | ) | |
| **JAMES E. CARTWRIGHT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### PROTECTIVE ORDER
### PERTAINING TO CLASSIFIED INFORMATION

This matter comes before the Court upon the Government's Motion for a Protective Order pursuant to Section 3 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3 § 3, to protect against the disclosure in this case of any classified information disclosed by the Government to, or otherwise in the possession of, the Defendant or the Defense.

Pursuant to the authority granted under CIPA Section 3, the Security Procedures Established Pursuant to Pub. L. No. 96-456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information (reprinted following CIPA § 9), Rules 16(d) and 57 of the Federal Rules of Criminal Procedure, and the general supervisory authority of the Court, and to protect the national security, the following Protective Order is entered.

### General Provisions

1.    The Court finds this case will involve information classified in the interest of national security of the United States pursuant to Executive Order 13526, as amended.   The storage, handling, and control of this information will require special security precautions mandated by statute, executive order, and regulation, and access to which requires the appropriate security clearances, and a "need to know" determination pursuant to Executive Order 13526.

2.      The purpose of this Order is to establish procedures that must be followed by the

Defense and the Government, and any other person who receives access to, or otherwise is in

possession of, classified information as a result of their participation in this case.   The

procedures set forth in this Order and CIPA will apply to the sentencing scheduled in this case

and any other proceedings that may occur and to appellate matters concerning classified

information, and may be modified from time to time by further order of the Court pursuant to

Rule 16(d) of the Federal Rules of Criminal Procedure, CIPA Section 3, and the Court's inherent

supervisory authority.

### Definitions

3.      The following definitions shall apply to this Order:

a.      The term "Defense" shall mean any counsel for the defendant, employees

or contractors of counsel for the Defendant (including, without limitation, investigators,

paralegals, experts, and translators), and any witnesses for the Defendant so authorized by the

Court.

b.      The term "classified information" shall include:

(i) Any document or information contained therein, which has been

classified by any Executive Branch agency in the interests of national security pursuant to

Executive Order 13526, as amended, or its predecessor orders, as "CONFIDENTIAL,"

"SECRET," "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED

INFORMATION" ("SCI");

(ii) Any document or information that is currently properly classified, as set forth in (i), and that has been approved by the Government or the Court for release to the Defense.

(iii) Any document or information the Defense knows or reasonably should know contains classified information, including information acquired or conveyed orally; and

(iv) Any document or information as to which the Defense has been notified orally or in writing contains classified information.

c.      The terms "document," "materials," and "information" shall include, but are not limited to:

(i) all written, printed, visual or audible matter of any kind, formal or informal, including originals, conforming copies, and non-conforming copies (whether different from the original by reason of notation made on such copies or otherwise);

(ii) notes (handwritten, oral, or electronic); papers; letters; correspondence; memoranda; reports; summaries; photographs; maps; charts; graphs; inter-office communications; notations of any sort concerning conversations, meetings or other communications; bulletins; word processing or other computer tapes, disks, or thumb drives and all manner of electronic data processing storage; and alterations, modifications, changes, and amendments of any kind to the foregoing; and

(iii) information obtained orally.

d.      The term "access to classified information" shall mean having access to, reviewing, reading, learning, or otherwise coming to know in any manner classified information.

e.      The term "Secure Area" shall mean a sensitive compartmented information   facility

("SCIF") accredited by a CISO for the storage, handling, and control of classified information.

### Classified Information, General Provisions

4.      All classified documents, and information contained therein, shall remain

classified unless the documents bear a clear indication that they have been "declassified" by the

agency or department that originated the document or information contained therein ("originating

agency").

5.      Any classified information provided to the Defense by the Government is to be

used solely by the Defense and solely for the purpose of this case.   The Defense may not

disclose or cause to be disclosed in connection with this case any information known or

reasonably believed to be classified information except as otherwise provided herein.

6.      The Defense shall not disclose classified information to any person, except to the

Court, Government personnel who hold appropriate security clearances and have been

determined to have a need to know that information, and those authorized pursuant to this Order.

7.      Information that is classified that also appears in the public domain is not thereby

automatically declassified unless it appears in the public domain as the result of an official

statement by a U.S. Government Executive Branch official who is authorized to declassify the

information.   Individuals who by virtue of this Order or any other court order are granted access

to classified information may not confirm or deny classified information that appears in the

public domain.   Prior to any attempt by the Defense to have such information confirmed or

denied in any public proceeding in this case, the Defense must comply with the notification

requirements of Section 5 of CIPA by filing a classified addendum to their sentencing

memorandum at least 14 days prior to sentencing and all provisions of this Order.

8.      In the event that classified information enters the public domain, the Defense is precluded from making private or public statements where the statements would reveal personal knowledge from non-public sources regarding the classified status of the information, or would disclose that the Defense had personal access to classified information confirming, contradicting, or otherwise relating to the information already in the public domain.   The Defense is not precluded from citing or repeating information in the public domain that counsel does not know or have reason to believe to be classified information, or derived from classified information.

### Security Procedures

9.      In accordance with the provisions of CIPA and the security procedures promulgated by the Chief Justice of the United States pursuant to that Act, this Court designates Daniel O. Hartenstine as the Classified Information Security Officer ("CISO") and Debra M. Guerrero Randall, Matthew S. Juntz, Shawn P. Maloney, Carli V. Rodriquez, Joan B. Kennedy, Maura L. Peterson, Harry J. Rucker, and W. Scooter Slade as alternate CISOs for this case, for the purpose of providing security arrangements necessary to protect against unauthorized disclosure any classified information that has been made available to the Defense in connection with this case.   The Defense shall seek guidance from the CISO with regard to appropriate storage, handling, transmittal, and use of classified information.

10.     The Court has been advised, through the CISO, that Assistant United States Attorney Leo Wise and National Security Division Trial Attorney Elizabeth Cannon, as well as their supervisors ("Counsel for the Government"), have the requisite security clearances allowing them to have access to the classified information that relates to this case.

11.     The Court has been advised, through the CISO, that Gregory Craig, Clifford Sloan and Brendan Gants ("Counsel for the Defendant"), have the requisite security clearances allowing them to have access to the classified information that relates to this case.   The Court has also been advised that Counsel for the Defendant are authorized to speak with the Defendant, subject to the requirements of this Order, in order to effectively represent him concerning classified information involved in this case even though the Defendant does not currently possess a security clearance.   The Defendant agrees to sign the Memorandum of Understanding in the form attached hereto agreeing to comply with the terms of this Order.   The signed Memorandum of Understanding shall be filed with the Court, and executed copies of Memorandum of Understanding shall be served upon the Government.

12.     Prior security clearance and a "need to know" as determined by any government entity as applying to one person does not automatically give that person the authority to disclose any classified information to any other individual, even if that individual also has a security clearance.

13.     *Secure Area for the Defense*.   The CISO has arranged for an approved Secure Area for use by the Defense.   The CISO has, in consultation with the United States Marshals Service, established security procedures to ensure that the Secure Area is accessible to the Defense during business hours, and at other times as approved by the CISO.   The Secure Area shall contain a separate working area for the Defense and will be outfitted with any secure office equipment requested by the Defense that is reasonable and necessary to the preparation of the defense.   The CISO, in consultation with counsel for the Defendant, shall establish procedures to assure that the Secure Area may be maintained and operated in the most efficient manner

consistent with the protection of classified information.   No classified documents may be removed from the Secure Area unless so authorized by the CISO.   The CISO shall not reveal to the Government the content of any conversations he may hear among the Defense, nor reveal the nature of the documents being reviewed, or the work being generated.   The presence of the CISO shall not operate to render inapplicable the attorney-client privilege.

14.     *Filing of Papers by the Defense*.   Any pleading or other document filed by the Defense that counsel for the Defendant knows or reasonably should know contains classified information as defined in paragraph 3(b), shall be filed as follows:

a.     The document shall be filed under seal with the CISO or an appropriately cleared designee of his choosing and shall be appropriately marked.   The time of physical submission to the CISO or his designee, which shall occur no later than 4 p.m., shall be considered the date and time of filing.   Within a reasonable time after making a submission to the CISO, the Defense shall file on the public record in the CM/ECF system a "Notice of Filing" notifying the Court that the submission was made to the CISO.   The notice should contain only the case caption and an unclassified title of the filing.

b.     The CISO or a designee of his choosing who has obtained the necessary security clearance shall promptly examine the pleading or document and, in consultation with representatives of the appropriate departments or agencies, determine whether the pleading or document contains classified information.   If it is determined the pleading or document contains classified information, the CISO shall ensure the relevant portion of the document, and only that portion, is marked with the appropriate classification marking and remains under seal.   All portions of all papers filed by the Defense that do not contain classified information shall be

immediately unsealed by the CISO and placed in the public record.   The CISO shall immediately deliver under seal to the Court and Counsel for the Government any pleading or document to be filed by the Defense that contains classified information, unless the pleading or document is an ex parte filing.

15.     *Filing of Papers by the Government*.   Only the portions of pleadings or documents filed by the Government that contain classified information shall be filed under seal with the Court through the CISO.   Such pleadings and documents shall be marked, "Filed In Camera and Under Seal with the Classified Information Security Officer."   The time of physical submission to the CISO (or designee) shall be considered the date and time of filing.   The CISO shall immediately deliver under seal to the Court and counsel for the Defendant any pleading or document to be filed by the Government that contains classified information, unless the pleading or document is an ex parte filing.   Within a reasonable time after making a submission to the CISO, the Government shall file on the public record in the CM/ECF system a "Notice of Filing" notifying the Court the submission was made to the CISO or a designee of his choosing who has obtained the necessary security clearance and providing a title of the document which does not disclose any potentially classified information.

16.     *Record and Maintenance of Classified Filings*.   The CISO shall maintain a separate sealed record for those materials which are classified.   The CISO shall be responsible for the maintaining of the secured records for purposes of later proceedings or appeal.

17.     *The Classified Information Procedures Act*.   Procedures for public disclosure of classified information in this case shall be those established by CIPA.   The Defense shall comply with the requirements of CIPA Section 5 prior to any disclosure of classified information

during the sentencing proceeding in this case.   As set forth in Section 5, the Defense shall not disclose any information known or believed to be classified in connection with the sentencing proceeding until notice has been given to Counsel for the Government by filing a classified addendum to the defense sentencing memorandum at least seven (7) days prior to the sentencing proceeding.   The Government shall also identify classified information it intends to provide to the Court at sentencing in a classified addendum to its sentencing memorandum that will be filed at least seven (7) days days prior to the sentencing proceeding in this case.   Judicial conferences and any portion of the sentencing hearing involving classified information shall be conducted <u>in camera</u> in the interest of national security and shall be attended only by persons who have obtained clearance through the CISO and possess the need to know such information. Transcripts shall be maintained under seal by the CISO.

18.    *Access to Classified Information*.   In the interest of the national security, representatives of the Defense granted access to classified information shall have access to classified information only as follows:

a.    All classified information produced by the Government to counsel for the Defendant in discovery or otherwise, and all classified information possessed, created, or maintained by the Defense, including notes and any other work product, shall be stored, maintained, and used only in the Secure Area established by the CISO.

b.    The Defense shall have free access to the classified information made available to them in the Secure Area established by the CISO and shall be allowed to take notes and prepare documents with respect to those materials unless otherwise authorized by the CISO.

c.    No representative of the Defense (including, but not limited to, counsel,

investigators, paralegals, translators, experts and witnesses) shall copy or reproduce any classified information in any manner or form, except with the approval of the CISO or in accordance with the procedures established by the CISO for the operation of the Secure Area.

d.      All documents prepared by the Defense (including, without limitation, pleadings or other documents intended for filing with the Court) that do or may contain classified information must be prepared in the Secure Area on word processing equipment approved by the CISO.   All such documents and any associated materials (such as notes, drafts, copies, exhibits, thumb drives, discs, CDs, DVDs exhibits, and electronic or digital copies) that may contain classified information shall be maintained in the Secure Area unless and until the CISO determines those documents or associated materials may be securely removed.   None of these materials shall be disclosed to counsel for the Government or any other party.

e.      The Defense shall discuss classified information only within the Secure Area or in an area authorized by the CISO.

f.      The Defense shall not disclose, without prior approval of the Court, classified information to any person not named in this Order except the Court, Court personnel, and Government personnel identified by the CISO as having the appropriate clearances and the need to know.   Counsel for the Government shall be given an opportunity to be heard in response to any Defense request for disclosure to a person not identified in this Order.   Any person approved by the Court for access to classified information under this paragraph shall be required to obtain the appropriate security clearance, to comply with all the terms and conditions of the Order and, in the case of the Defendant, to sign and submit to the Court the Memorandum of Understanding appended to the Order.   If preparation of the defense requires that classified

information be disclosed to persons not identified in this Order, the Department of Justice shall

promptly seek to obtain security clearances for them at the request of counsel for the Defendant.

        g.      The Defense shall not discuss classified information over any standard

commercial telephone instrument or office intercommunication systems, including but not

limited to the Internet, or in the presence of any person who has not been granted access to

classified information by the Court.

        h.      Any documents written by the Defense that do or may contain classified

information shall be transcribed, recorded, typed, duplicated, copied, or otherwise prepared only

by persons who have received an appropriate approval for access to classified information.

        19.      Any unauthorized disclosure of classified information may constitute violations of

United States criminal laws.   In addition, any violation of the terms of this Order shall be

brought immediately to the attention of the Court and may result in a charge of contempt of

Court and possible referral for criminal prosecution.   Any breach of this Order may also result in

termination of an individual's access to classified information.   Persons subject to this Order are

advised that direct or indirect unauthorized disclosure, retention, or negligent handling of

classified documents or information could cause serious damage, and in some cases

exceptionally grave damage, to the national security of the United States or may be used to the

advantage of a foreign nation against the interests of the United States.   The purpose of this

Order is to ensure that those authorized to receive classified information in connection with this

case will never divulge that information to anyone not authorized to receive it, without prior

written authorization from the originating agency and in conformance with this Order.

20.     All classified documents and information to which the Defense has access in this case are now and will remain the property of the United States.   Upon demand of the CISO, these persons shall return to the CISO all classified information in their possession obtained through discovery from the Government in this case, or for which they are responsible because of access to classified information.   The notes, summaries, and other documents prepared by the Defense that do or may contain classified information shall remain at all times in the custody of the CISO for the duration of the case.   At the conclusion of this case, all such notes, summaries, and other documents are to be destroyed by the CISO in the presence of counsel for the Defendant, if counsel desires to be present.

21.     Nothing contained in this Order shall be construed as a waiver of any right of the Defendant.   No admission made by the Defendant or their counsel during pretrial conferences may be used against the Defendant unless it is in writing and signed by the respective Defendant. See CIPA § 2.

22.     A copy of this Order shall be issued forthwith to Counsel for the Defendant who shall be responsible for advising the Defendant and representatives of the Defense of this Order.

Dated: January _____, 2017

SO ORDERED:

_____
HONORABLE RICHARD J. LEON
United States District Judge
District of Columbia